RECEIVED
USDC CLERK, CHARLESTO
2007 FEB 28  P 4: (

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Carter, #292328, ) | C. A. No. 2:06-2198-CMC-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden Padula, L.C.I.; and ) Henry McMaster, Attorney ) General for South Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the Respondents' summary judgment motion filed on October 27, 2006. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, David Carter, is presently confined in Lee Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Lancaster County Clerk of Court. The Lancaster County Grand Jury indicted Petitioner at the July 2002 term of court for armed robbery (02-GS-49-822). ROA pp.196-99. Ross Burton, Esquire, represented him on these charges. On April 9-10, 2003, he received a jury trial before the Honorable Paul M. Burchat at the conclusion of which the jury convicted Petitioner of armed robbery and Judge Burch sentenced him to twenty-six years imprisonment. ROA pp. 1-195.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Wanda Hagler represented Petitioner on appeal and on May 4, 2004, Petitioner filed his Final Brief of Appellant, in which he presented the following issues for review:

> 1. The circuit court erred in denying appellant's motion to dismiss the armed robbery charge because the indictment for the same was defective and thus deprived the trial court of subject matter jurisdiction therein.
>
> 2. The lower court erred in failing to rule properly with regard to the solicitor's comments referencing a confederate's testimony in the case.
>
> 3. The lower court erred in denying appellant's request to suppress a note seized as evidence at trial because it was confiscated pursuant to a warrantless search.

Final Brief of Appellant p. 3. The State filed a Final Brief of Respondent on April 26, 2004. See Final Brief of Respondent.

On January 13, 2005, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. State v. Carter, Op. No. 2005-UP-015 (S.C. Ct. App., filed January 13, 2005). See Opinion. The South Carolina Court of Appeals sent the Remittitur to the Lancaster County Clerk of Court on January 31, 2005.

Petitioner then filed a pro se Post-Conviction Relief (PCR) Application (05-CP-29-425) on or about July 19, 2005, in which he alleged the following grounds for relief:

> 1. Ineffective assistance of trial counsel;
>
> 2. Ineffective assistance of appellate counsel;

2

    3.    Due process violations; and

    4.    Constitutional questions of law violating rehabilitation, State and Fed, Constitutions.

See APCR p. 2. The State filed its Return on December 21, 2005. See PCR Return.

Contrary to his representations in the Petition, Petitioner is currently being represented in PCR proceedings by Stephen D. Schusterman, Esquire. At the request of the state, a previously scheduled evidentiary hearing, which had been scheduled for the week of August 8, 2006, at the Lancaster County Courthouse, was continued by Order of the Honorable Brooks P. Goldsmith because of the unavailability of trial counsel. The second hearing was not held; it is presently scheduled to be heard on February 27, 2007, before Judge Goldsmith.

The following documents have been made part of the record here:

    1.    The Record on Appeal (including the trial transcript, the Lancaster County Clerk of Court records, and State's Exhibit #5);

    2.    The Final Brief of Appellant;

    3.    The Final Brief of Respondent;

    4.    The January 13, 2005 opinion of the state court of appeals;

    5.    The January 31, 2005 Remittitur;

    6.    The Application for Post-Conviction Relief;

    7.    The Return to the Application for Post-Conviction Relief; and

8. August 2, 2006 letter from Assistant Deputy Attorney General Salley W. Elliott to Marion H. Grier, Stephen D. Schusterman, William R. Sims and Leah B. Moody, Esquires, with attached Order of continuance signed by Judge Goldsmith.

## HABEAS ALLEGATIONS

The petitioner raises the following allegations of his pro se Petition for Writ of Habeas Corpus under 28 U.S.C. §2254:

> **GROUND ONE:** I was refuse[d] first bite of the apple on PCR! Violating 14th Amendment
>
> **SUPPORTING FACTS:** The state court refused to provide a Hearing on all PCR claims and did not provide counsel; did not follow state's due process procedures; state attorney's were in default; did not provide hearing on all ... [claims] and did not follow state's PCR Procedures and state's civil procedures violating due process protections.
>
> **GROUND TWO:** Applicant was denied the effective assistance of counsel, a fair trial and due process of law
>
> **SUPPORTING FACTS:** My trial counsel was ineffective ... in the following ways: (a) a year passed before my counsel ... began work on my case (b) my attorney did nothing on my case until it was time to go to trial. And threw my case together at the last minute. (c) I informed my counsel regarding evidence that was at my residence at time of trial tat could assist in providing evidence to prove I was not guilty of crime charged ... (1) The codefendant testified that he did not spend the night with me at my house. There was evidence at hose to prove he did stay the night. ... (2) Counsel told me not to testify at trial regarding the failure of my rights being read tome ... (3) I ... informed counsel that I was sick ... and believed it was due to diabetes I do not believe that I was able to be tried while under this condition which effected my testimony and ability to think clearly

4

> ...
> Ineffective assistance of appellant counsel
> (1) My indictment was defective and the Appellate defense stated that the agreement voided the defect. ... (2) Appellant counsel was ineffective for not argueing (sic) a claim that the Judge erred in den[y]ing a dismissal on Motion to Dismiss on upon request for directed verdict based upon counsel['s] arguement (sic) that the testimony did not provide an evidentiary basis for trial of the case. ... (3) Appellate Counsel was ineffective when failing to argue that the testimony of the critical state witness, Marvin Thompson, ... gave testimony that clearly indicated that Defendant ... was not the tall man and that their (sic) was another tall man, and gave other evidence that supported applicant's innocence. ...
>
> **GROUND THREE:** Unconstitutional sentence ... and supremacy clause
>
> **SUPPORTING FACTS:** ... The statutes under which petitioner was sentenced are unconstitutional and void the trial court lacked jurisdiction to impose sentence and the trial trial (sic) violated petitioners sixth amendment right to effective assistance of counsel when failing to bring this subject matter jurisdiction claim prior to the swearing in of the jury at trial
>
> **GROUND FOUR:** The armed robbery indictment was insufficient to give the Circuit Court jurisdiction.
>
> **SUPPORTING FACTS:** Indictment did not contain specific allegations as to "carry away" of the property and caption did not state the correct Statute Section as demanded by well established law that Indictments must conform to all elements of the crime charged to provide sufficient notice to defendant.
>
> **GROUND FIVE:** The Solicitor's comments during closing argu[]ments regarding co-defendant's testimony were outside the Record, the Court failed to Rule Properly with Regards to these comments.

> **SUPPORTING FACTS**: These comments prejudiced petitioner['s] case and thereby Petitioner was Denied a Fair Trial.

In their motion the respondents take the position that there is currently pending an active PCR and that the instant petition should be dismissed without prejudice to allow the petitioner to refile it after he exhausted the PCR claims. The petitioner was provided a copy of the respondents' summary judgment motion on October 27, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). He filed an opposition to the motion on November 28, 2006, in which he indicated that he did not receive any notice of the continuance of his PCR hearing and that his PCR attorney had never communicated with him about the PCR. He asks the court to "remand issues only cognizable in state court... that all other issues here either proceed in this court or be placed in abeyance until after the court ordered court proceeding are concluded to prevent a second Federal Writ of Habeas Corpus... . (Pet. opposition to Resp. mot for summary judgment pg. 3). Hence it appears consideration of the motion is appropriate.

## DISCUSSION

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28

U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, the court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of South Carolina. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Section § 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." Id. at 844. (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. Id. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953). It is the petitioner's burden to prove that his claims have been exhausted. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Here Carter's's petition contains both exhausted and

unexhausted claims[1]. His claims that he did not receive constitutionally mandated effective assistance of trial and appellate counsel are unexhausted and are the subject of his pending application for PCR. If PCR is denied, Petitioner also enjoys the right to an appeal by filing a petition for a writ of certiorari in the South Carolina Supreme Court. Thereafter his ineffective assistance of counsel claims will be exhausted and he will have the rest of his one-year statute of limitations provided for in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), here approximately six (6) months, to file another habeas corpus petition for consideration of his claims on the merits.

Petitioner's other claims, that the trial court lacked subject matter jurisdiction because his indictment was defective, and the statutes under which he was sentenced were unconstitutional, as well as his claim that the trial court erred in failing to stop the Solicitor from making certain closing remarks, were exhausted on direct appeal.

As a result, Carter has filed a "mixed" habeas corpus petition with exhausted and unexhausted claims. In <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), the United States Supreme Court

---

[1] Petitioner's first claim that he was denied a PCR hearing is apparently based upon a mistake of fact. He is in the process of obtaining a ruling on his PCR. This claim, therefore, should be dismissed without prejudice to his refiling it if the PCR process is stopped by the PCR court.

directed district courts to dismiss the entire "mixed" petition without prejudice in order to effectuate the requirement of "total exhaustion."

Therefore, pursuant to Rose, it appears that this petition should be dismissed without prejudice[2] to allow petitioner to exhaust his currently unexhausted claims.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion to dismiss the petition without prejudice to his bringing them in a new action after they are fully exhausted by his state collateral challenge to his conviction should be granted.

Respectfully Submitted,<br>
Robert S. Carr<br>
United States Magistrate Judge

Charleston, South Carolina
February 28, 2007

---

[2] The court has considered whether it should stay the entire petition and hold it in abeyance pending the conclusion of the PCR and any petition for a writ of certiorari to the South Carolina Supreme Court should the PCR be decided adversely to Petitioner, as addressed in Rhines v. Weber, 544 U.S. 269 (2005). Because the majority of his AEDPA statute of limitations has yet to run and is presently tolled during the pendancy of the state court collateral review, it does not appear that Petitioner runs the risk of forever losing his opportunity for any federal review of his claims if the district court dismisses the case without prejudice since in the instant case it is not "close to or after the limitations period has expired." Rhines, 544 U.S. at 274-75.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).